## CIRCUIT COURT OF THE CITY OF RICHMOND

Vernelle M. Lipscomb

v.

Richmond Newspapers, Inc.
and Charles E. Cox

December 26, 1983

Case No. LF-1112

By JUDGE WILLARD I. WALKER

This case is before the court on defendants' motion to set aside a jury verdict in favor of the plaintiff in the amount of one million dollars compensatory damages against both defendants, and forty-five thousand dollars punitive damages against the defendant Cox.

Defendants' argument is predicated on two fundamental objections: (1) That the evidence is insufficient, as a matter of law, to allow the jury to find "constitutional malice" on the part of the defendants, and (2) that the verdict on compensatory and punitive damages is excessive.

As was true during the course of the trial, and for the reasons then stated by the court and by plaintiff's counsel, I conclude there was sufficient evidence to find "constitutional malice" in the con-

duct of defendant Cox. While it seems most doubtful that the evidence would allow an inference that Cox knew his statements were false, there is ample evidence from which a jury could infer that he acted with reckless disregard for whether the statements were true or false. Stating it differently, there is evidence that Cox knew there was a high probability of falseness of the statements and that he nonetheless published the statements because he did not care whether the statements were true or false.

As to damages, however, I conclude that the compensatory award is clearly excessive and shocks the conscience of the court. I do not reach this conclusion on the basis of who the plaintiff is. It would not matter who was the individual, on the evidence before the court. The award simply bears no reasonable relationship to the evidence of damages in the record; and as to anyone, I would set this verdict aside.

I will briefly review the evidence. The statements were published over a very broad area (the sale area of defendant Newspapers), and the statements appeared prominently, with pictures, in a Sunday edition of the newspaper shortly before the beginning of a school year; but no one, other than plaintiff, gave any evidence that the statements had caused them to question the ability or integrity of the plaintiff or to regard her differently in any way. In fact, the evidence from all witnesses--coworkers, students, superiors, friends, etc.--was that they did not believe the statements, that they felt no ill will toward the plaintiff, and that they supported her and told her so. There is not a shred of evidence of any actual out-of-pocket loss or physical or mental illness resulting from the publication. What we have is a statement of the plaintiff that she was embarrassed and humiliated, that she _feared_ other people, such as her coworkers or superiors or the parents of school children, would think less of her, that she found it difficult to deal with anyone without this fear, that her church and social activities were restricted by her because of this fear, that despite reassurances, she continues to have these fears, and that her desire

to work and her ability to function at work had been affected, although her actual job had not been terminated or threatened.

I do not suggest that the jury was motivated by any bias or improper motive in making its decision; however, the size of the verdict alone compels me to conclude that the jury misconceived the law of the case, or that they were inflamed by factors that would properly be addressed only on the issue of punitive damages. In that connection, I find no impropriety in the forty-five thousand dollar award of punitive damages.

Accordingly, I make the following rulings. The case was properly submitted to the jury on proper instructions. The punitive damage award against the defendant Cox is proper. The compensatory damage award is excessive. Therefore, pursuant to Code of Virginia § 8.01-383.1, I require the plaintiff to remit nine hundred thousand dollars of her compensatory damage recovery or submit to a new trial on all issues. I do not feel that the liability and damage issues are so clearly divided that a new trial on damages alone would be proper.